ELLIS *v.* EMPLOYMENT SECURITY COMMISSION.

UNEMPLOYMENT COMPENSATION—TERMINATION OF EMPLOYMENT—AB-
SENCE—INCARCERATION—TRAFFIC VIOLATION.

> Denial of unemployment compensation benefits by the employ-
> ment security commission appeal board and circuit court,
> where claimant was absent from work because of incarceration
> for a traffic violation for 9 days, and where he reported back
> to work about 3 hours before his regular shift ended on the
> 10th day, *held,* proper, as it is unreasonable to say that by
> reporting so close to the end of the shift, claimant had reported
> to work on the 10th day, especially in view of requirement of
> collective bargaining agreement that an employee reporting
> for work be paid a minimum of 4 hours (Pa 1936 [1st Ex Sess],
> No 1; PA 1963, No 189).

Appeal from Muskegon; Beers (Henry L.), J.
Submitted Division 3 March 8, 1966, at Grand Rap-
ids. (Docket No. 497.) Decided June 28, 1966.
Leave to appeal granted by Supreme Court October
8, 1966. See 378 Mich 733, 380 Mich 11.

Certiorari by Esau Ellis against Employment
Security Commission and Campbell, Wyant & Can-
non Foundry, Division of Textron American, Inc.,
following determination by the Appeal Board of
the Employment Security Commission denying him
benefits. Judgment for defendants. Plaintiff ap-
peals. Affirmed.

*Marcus, McCroskey, Libner, Reamon, Williams &
Dilley (Jerry S. McCroskey* and *Darryl R. Cochrane,*
of counsel), for plaintiff.

*Hathaway, Latimer, Clink & Robb (Richard A.
Robb,* of counsel), for Textron American Inc.

---

REFERENCES FOR POINTS IN HEADNOTE

48 Am Jur, Social Security, Unemployment Insurance and Retire-
ment Funds § 38.
Conduct or activities of employees during off-duty hours as mis-
conduct barring unemployment compensation benefits. 89 ALR2d
1089.

J. H. GILLIS, J. The Muskegon circuit court af-
firmed the decision of the Michigan employment
security appeal board denying benefits to plaintiff,
Esau Ellis, who had been employed by defendant,
Campbell, Wyant & Cannon Foundry Co. During
his period of employment with the defendant com-
pany, the plaintiff was involved in an automobile
accident unrelated to his work resulting in his
arrest, conviction for driving on a revoked license,
and incarceration for 15 days. As a consequence
of this imprisonment, it is undisputed that the plain-
tiff missed 9 consecutive days from his place of
employment. The 10th working day was also the
last day of plaintiff's detention. He was released
from custody on December 11, 1963, at approximate-
ly 11 a.m. and reported at the defendant's plant short-
ly before noon to determine if "I still had a job." His
supervisor was just leaving for lunch and advised
plaintiff he would discuss the problem upon his re-
turn. At approximately 1 p.m. the plaintiff was in-
formed that he was discharged for being "absent"
from work. Plaintiff's regular work shift was 6:30
a.m. to 3 p.m.

The circuit court's affirmance of the appeal board's
denial of benefits was based on PA 1936 (Ex Sess),
No 1, § 29m, as added by PA 1963, No 189 (CL 1948,
§ 421.29m[a] [Stat Ann 1963 Cum Supp § 17.531(1)
(a)]). The pertinent provisions of this statute pro-
vide:

"(a) If an individual loses his job by reason of
being absent from work as a result of a violation
of law for which he has been convicted, and sen-
tenced to jail or prison, such individual shall be
disqualified for benefits for the week of such loss
resulting from detention pursuant to sentence of any
court and for the duration of his unemployment
thereafter; and any wages earned prior to such loss
with the employer involved therein, whether earned

during the individual's base period or within his current benefit year, shall not be used as a basis for computing or paying benefits for any period subsequent to the time said disqualifying loss occurred. * * *

"(d) The provisions of subsections (a) and (b) herein shall not be applicable when the conviction referred to in section 29m has been for a traffic violation that has resulted in an absence of less than 10 consecutive days from his place of employment."

The decisive issue in this case is whether the plaintiff's absence from his place of employment was less than 10 consecutive days. This Court agrees with the decision of the circuit court. Plaintiff failed to report for work on the 10th consecutive day but he did report to his place of employment 2 or 3 hours before his shift ended. The record indicates that a collective bargaining agreement required the employer to pay any employee reporting for work a minimum of 4 hours' wages. Even in the absence of such contract, it is unreasonable to say that by reporting so close to the end of the shift that plaintiff had reported to work on the 10th day.

Affirmed. Costs to appellees.

FITZGERALD, P. J., and BURNS, J., concurred.