ELLIS *v.* EMPLOYMENT SECURITY COMMISSION.

UNEMPLOYMENT COMPENSATION—TERMINATION OF EMPLOYMENT—AB-
SENCE—DETENTION IN JAIL FOR TRAFFIC VIOLATION—DISQUALIFI-
CATION FOR BENEFITS.

> Denial of unemployment compensation benefits to employee
> plaintiff who was absent from work because of detention in
> jail for a traffic violation for 9 days, and who reported back
> to work about 3 hours before his regular shift ended on the
> tenth day, *held*, improper, because he was absent from his
> place of employment for less than 10 consecutive days, thus
> not disqualified for benefits by reason of express provision
> of employment security act relieving from disqualification (PA
> 1936 [Ex Sess], No 1, § 29m, as added by PA 1963, No 189).

Appeal from Court of Appeals, Division 3, Fitz-
gerald, P. J., and J. H. Gillis and Burns, JJ., affirm-
ing Muskegon, Beers (Henry L), J. Submitted
December 6, 1967. (Calendar No. 38, Docket No.
51,545.) Decided January 8, 1968.

3 Mich App 576, reversed.

Certiorari by Esau Ellis against Employment
Security Commission and Campbell, Wyant & Can-
non Foundry Co., Division of Textron American,
Inc., following determination by the Appeal Board
of the Employment Security Commission denying
him benefits. Judgment for defendants. Plaintiff

---

REFERENCE FOR POINTS IN HEADNOTE

48 Am Jur, Social Security, Unemployment Insurance, and Retire-
ment Funds § 34 *et seq.*

appealed to Court of Appeals. Judgment affirmed. Plaintiff appeals. Reversed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (Darryl R. Cochrane,* of counsel), for plaintiff.

*Hathaway, Latimer, Clink & Robb (Charles L. Hitesman,* of counsel), for defendant employer.

BLACK, J. The controlling facts appear in the opinion of Division 3 (3 Mich App 576). No expatiation thereon is required. Leave to review was granted on account of *prima facie* error appearing in that opinion, the result of which was affirmance of the circuit court's decision upon issuance and return of certiorari to the employment security commission.

The error mentioned appears in the conclusional paragraph below (p 578):

"The decisive issue in this case is whether the plaintiff's absence from his place of employment was less than 10 consecutive days. This Court agrees with the decision of the circuit court. Plaintiff failed to report for work on the 10th consecutive day but he did report to his place of employment 2 or 3 hours before his shift ended. The record indicates that a collective bargaining agreement required the employer to pay any employee reporting for work a minimum of 4 hours' wages. Even in the absence of such contract, it is unreasonable to say that by reporting so close to the end of the shift that plaintiff had reported to work on the 10th day."

That plaintiff was *not* absent from his place of employment, for 10 consecutive days, is an established fact. That the statute controls exclusively,

and accordingly determines plaintiff's rights, is a verity in this field of unemployment insurance. No provision of the collective bargaining agreement mentioned by Division 3, said as militating against plaintiff's right to advance subd (d) of section 29m of the employment security act* in opposition to the disqualification claimed against him, and no policy of his employer having to do with tardy reporting for work, is or could be effective as against that subdivision. The subject is fully covered in the successive opinions for reversal appearing in *General Motors Corporation* v. *Employment Security Commission,* 376 Mich 135 (rehearing 378 Mich 110; appeal dismissed 385 US 373 [87 S Ct 533, 17 L ed 2d 429]). And the fact, if it be a fact, that it would be "unreasonable to say that by reporting so close to the end of the shift that plaintiff had reported to work on the 10th day," cannot impede or otherwise affect the specific application of subd (d). Plaintiff was, within (d), absent from his place of employment "less than 10 consecutive days." That fact settles the issue of disqualification.

I would reverse and remand for reinstatement of Referee Snow's decision of March 11, 1964. He ruled:

"If our legislature in adopting section 29m of the act intended subsection (d) to disqualify a claimant where his confinement resulted in his absence from work for nine and a fraction consecutive days, it would have very readily so stated. Not doing so, I can only find that this claimant's absence from his place of employment was for a period of less than 10 consecutive days and hence he is not subject

---

* The new section was added by PA 1963, No 189, effective September 6, 1963. Assigned CL 1948, § 421.29m (Stat Ann 1963 Cum Supp § 17.531[1]). Subdivision (d) reads:

"(d) The provisions of subsections (a) and (b) herein shall not be applicable when the conviction referred to in section 29m has been for a traffic violation that has resulted in an absence of less than 10 consecutive days from his place of employment."

to the disqualification provisions of section 29m(d). The fact that Mr. Connell, when the claimant reported for work on December 11, did not let him go to work, for whatever reason, does in no way alter the fact that this claimant did report to his place of employment ready and willing to return to work and that he was absent from his work because of the traffic violation and his confinement for a period of less than 10 consecutive work days."

Plaintiff should have costs of both appellate courts.

DETHMERS, C. J. and KELLY, T. M. KAVANAGH, SOURIS, O'HARA, ADAMS, and BRENNAN, JJ., concurred.